**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EDWARD FLOREZ,

      Plaintiff-Appellant,

  v.

HOLLY CORPORATION, doing
business as Navajo Refining Company,
Artesia, New Mexico,

      Defendant-Appellee.

No. 04-2331
(D.C. No. CIV-02-1309 JH/WDS)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **ANDERSON** , and **BRORBY** , Circuit Judges.

Edward Florez brought a complaint alleging unlawful discrimination and

retaliation in violation of the Americans With Disabilities Act of 1990, 42 U.S.C.

§§ 12101-12213, and the Family and Medical Leave Act, 29 U.S.C.

§§ 2601-2654.  Florez chose to sue Holly Corporation, the parent corporation of

---

*    The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

his former employer, Navajo Refining Company. The district court determined that Holly was not Florez's employer for purposes of employment discrimination liability and therefore granted Holly's motion for summary judgment. Florez appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM**.

We review a grant of summary judgment de novo, applying the same legal standards as the district court. Dunbar v. Jackson Hole Mt. Resort Corp., 392 F.3d 1145, 1147 (10th Cir. 2004). Summary judgment is appropriate if the parties' filings "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making that determination, we view the evidence in the light most favorable to the nonmoving party. Dunbar, 392 F.3d at 1148. "When the moving party has informed the district court of the basis for its motion . . . a nonmoving party may not stand merely on its pleadings, but must set forth specific facts showing that there is a genuine issue for trial." Id. (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999) (internal quotation marks omitted).

The plaintiff in an employment discrimination case carries the burden of establishing that the defendant was his employer. Lockard v. Pizza Hut, Inc., 162 F.3d 1062, 1069 (10th Cir. 1998). Florez, an employee of a subsidiary, seeks to hold the parent corporation liable by arguing that "the two entities effectively constitute a single employer." Bristol v. Bd. of County Comm'rs, 312 F.3d 1213, 1218 (10th Cir. 2002) (en banc).

"The law allows businesses to incorporate to limit liability and isolate liabilities among separate entities . . . . The doctrine of limited liability creates a strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances." Frank v. U.S. West, Inc., 3 F.3d 1357, 1362 (10th Cir. 1993). "In order to hold a parent company liable as an employer [under federal discrimination law], the parent must exercise a degree of control that exceeds that normally exercised by a parent corporation." Lockard, 162 F.3d at 1071 n.2.

We consider four factors when determining whether two related entities constitute a single employer: "(1) interrelations of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control." Sandoval v. City of Boulder, 388 F.3d 1312, 1322 (10th Cir. 2004). The third factor is considered to be highly determinative. Bristol, 312 F.3d at 1220. The critical question is "[w]hat entity made the final

decisions regarding employment matters relating to the person claiming discrimination?" Frank, 3 F.3d at 1363 (further quotation omitted).

It is undisputed that Florez was a Navajo employee. He argues, however, that his case against Holly should survive summary judgment because disputed issues of fact regarding the interrelationship of Navajo and Holly remain. As support for this position, Florez refers to several connections between the two entities. Navajo is a wholly owned subsidiary of Holly. One individual serves as president of both companies. Holly's Dallas office houses one Navajo employee and Navajo's refinery houses one of Holly's employees. Holly provides administrative support to its subsidiaries. Finally, Florez states that Holly mandates random drug testing for the employees of its subsidiaries, that Holly manages its subsidiaries' employment benefit plans, and that, at one time, Holly employed several employees of Navajo.

Taking all of these statements as true, we conclude that these facts are insufficient to satisfy the single-employer test. Navajo's status as a wholly-owned subsidiary merely demonstrates common ownership which, "standing alone, can never be sufficient to establish parent liability." Frank, 3 F.3d at 1364. The mere existence of a single common manager or officer is not sufficient to establish a disputed material fact concerning the common management element. Id. The presence of one employee of each company at the

-4-

other company's offices and the movement of employees from subsidiary to parent adds little to the analysis.

As the district court noted, Florez's contention that Holly provided administrative support to Navajo is too vague to be given much weight. This court has already concluded that a parent company's actions as an administrator for a subsidiary's employee benefits program do not amount to "excessive control . . . over [the subsidiary's] employment practices." Id. at 1363. Moreover, requiring random drug testing is a broad, general policy that "in no way evidence[s] an attempt by Defendant to exercise day-to-day control over employment decisions." Id.

Applying the single-employer test, we conclude that Florez has not established a genuine issue of material fact that counters the presumption that Holly did not serve as his employer. Holly did not exercise a degree of control over Navajo beyond that of the normal parent-subsidiary relationship and did not make final decisions regarding Florez's employment.

On appeal, defendants raise a new argument concerning Florez's tactic of filing his EEOC charge against Navajo, and his complaint in federal court against Holly. We decline to address this argument because it was not specifically raised

in the district court.   See Tele-Communications, Inc. v. Comm'r   , 104 F.3d 1229,

1232-33 (10th Cir. 1997) (issues not raised before the district court are waived).

　　　We **AFFIRM** the judgment below. [1]


                                        Entered for the Court


                                        Carlos F. Lucero
                                        Circuit Judge

---

[1]　　　Holly's motion to dismiss based on Florez's failure to timely file his opening brief is   **DENIED** .  See Bartell v. Aurora Public Sch.    , 263 F.3d 1143, 1146 (10th Cir. 2001) (stating that it is within this court's discretion to permit late filing of a brief).